UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

UNITED STATES OF AMERICA

-against-

**MEMORANDUM & ORDER**
18-CR-302 (MKB)

GUANGHUA SHEN,

Defendant,

-against-

CHEN ZHANG,
SIU MEI LAM, and
YIMING SONG,

Sureties.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

On August 1, 2019, a grand jury returned a superseding indictment for Defendant Guanghua Shen, charging her with (1) conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(viii) and 846, (2) distribution and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and (3) operating an illegal gambling business, in violation of 18 U.S.C. § 1955(a). (Superseding Indictment ¶¶ 1, 4, 11, Docket Entry No. 168.) Shen pleaded guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 on September 20, 2019 (Min. Entry dated Sep. 20, 2019, Docket Entry No. 258; Superseding Indictment ¶ 1),[1] and the Court sentenced her to one year and one day

[1] Defendant Shen pleaded guilty to conspiracy to distribute methamphetamine, which is Count 1 of the superseding indictment, not Count 4 as stated in the Minute Entry dated Sep. 20, 2019. (Min. Entry dated Sept. 20, 2019; Tr. of Sep. 20, 2019 Proceedings 18:1–4, Docket Entry

imprisonment and two years of supervised release on April 2, 2024. (J., Docket Entry No. 585.) The Court ordered Shen to self-surrender to the Bureau of Prisons by January 6, 2025, which she failed to do. (*Id.*; Arrest Warrant dated Jan. 13, 2025, *United States v. Shen*, No. 25-CR-48 (E.D.N.Y. Oct. 3, 2025), Docket Entry No. 2; Compl. 7, *Shen*, No. 25-CR-48, Docket Entry No. 1.)

Currently before the Court is the Government's motion to enforce a $250,000 bond against Defendant and the sureties who co-signed the bond. (Gov.'s Mot. for Forfeiture, Docket Entry No. 610; Gov.'s Mem. in Supp. of Mot. for Forfeiture, Docket Entry No. 630.) The Court granted the Government's motion as to Defendant on October 27, 2025 (Mem. and Order dated Oct. 27, 2025, Docket Entry No. 636 (the "October Decision")), and on October 21, 2026, Magistrate Judge Steven L. Tiscione recommended the same as to the sureties. (R. & R. dated Oct. 21, 2026, Docket Entry No. 660 (the "R&R").) No objections to the R&R have been filed and the time for doing so has passed. For the reasons discussed below, the Court adopts the R&R in its entirety.

## I. Background

On June 14, 2018, a grand jury returned an indictment against Shen, charging her with (1) conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(viii) and 846, (2) distribution and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and (3) operating an illegal gambling business, in violation of 18 U.S.C. §

No. 266 ("What is your plea to . . . conspiracy to distribute and possess with intent to distribute methamphetamine . . ."); Def. Sent'g Mem., Docket Entry No. 572 ("Guanghua Shen . . . is to be sentenced . . . following her guilty [sic] to conspiracy to distribute Methamphetamine.").)

1955(a).[2] (Indictment ¶¶ 1, 5, 14.) On August 7, 2018, Shen appeared before former Magistrate Judge James Orenstein and was released on a bail bond of $250,000 co-signed by five sureties. (Min. Entry dated Aug. 7, 2018, Docket Entry No. 112). The bond was modified three times to alter the individual sureties and the property securing the bond.[3] The operative bond lists Siu Mei Lam, Yiming Song, and Chen Zhang as sureties (each a "Surety," and collectively, the "Sureties"). (February 2020 Revised Bond.)

A grand jury returned a superseding indictment on August 1, 2019. (Superseding Indictment.) The superseding indictment did not change the charges as to Shen except to remove three alleged co-conspirators from the charge of conspiracy under 21 U.S.C. §§ 841(b)(1)(A)(viii) and 846. (*Compare* Indictment ¶¶ 1, 5, 14 *with* Superseding Indictment ¶¶ 1, 4, 11.)

On September 20, 2019, Shen pleaded guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1)(A)(viii) and 846. (Min. Entry dated Sep. 20, 2019; Superseding Indictment ¶ 1.) On April 2, 2024, the Court sentenced Shen to serve one year and one day of imprisonment and two years of supervised release and to pay a $100 special assessment. (J.) The Court ordered Shen to self-surrender to the Bureau of Prisons by January 6, 2025 before 2:00 P.M. (*Id.*) Shen failed to surrender, resulting in the issuance of a

---

[2] Shen was initially charged with eleven co-defendants. (*See generally* Indictment, Docket Entry No. 1.)

[3] The first amendment occurred on April 29, 2019 (Min. Entry dated Apr. 22, 2019, Docket Entry No. 180; Min. Entry dated Apr. 29, 2019, Docket Entry No. 183; Am. Bond dated Apr. 29, 2019, appended to Order Setting Conditions of Release, Docket Entry No. 114-2); the second on August 7, 2019 (Min. Entry dated Aug. 7, 2019, Docket Entry No. 234; Order Setting Conditions of Release, Docket Entry No. 235); and the third on February 24, 2020 (Min. Entry dated Feb. 24, 2020, Docket Entry No. 341; Am. Bond dated Feb. 24, 2020, appended to Order Setting Conditions of Release, Docket Entry No. 114-3) (the "February 2020 Revised Bond").

warrant for Shen's arrest by Magistrate Judge Lara K. Eshkenazi. (Arrest Warrant dated Jan. 13, 2025, *Shen*, No. 25-CR-48; Compl. 7, *Shen*, 25-CR-48.) The Federal Bureau of Investigations arrested Shen on January 28, 2025. (Min. Entry dated Jan. 28, 2025, *Shen*, 25-CR-48.)

The Government subsequently filed a motion pursuant to Rule 46(f) of the Federal Rules of Civil Procedure for forfeiture of the bail and entry of judgment on the bail bond against Defendant and the Sureties in the amount of $250,000. (Gov.'s Mot. for Forfeiture; Gov.'s Mem. in Supp. of Mot. for Forfeiture.) On October 27, 2025, the Court directed the Clerk of Court to enter default judgment on the bond against Defendant and ordered forfeiture of the bond to be enforced against Defendant in its entirety, but deferred entry of judgment and enforcement of the bond against the Sureties. (October Decision.) The Court referred the Government's motion for forfeiture as to the sureties to Magistrate Judge Tiscione on January 26, 2026. (Order Referring Mot. dated Jan. 26, 2026.)

On October 21, 2026, Magistrate Judge Tiscione issued a report and recommendation recommending that the Court enter default judgement on the $250,000 bond against the Sureties and order the forfeiture of the bond in its entirety to be enforced against the Sureties. (R&R 15.) No objections to the R&R have been filed and the deadline for doing so has passed.

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999) (quoting same); *Serrano v. Royce*, No. 20-CV-6660, 2024 WL 295374, at *2 (S.D.N.Y. Jan. 25, 2024) (quoting *Cullen*, 194 F.3d at 405.). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a

waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 362 (2d Cir. 2025) (quoting same); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision." (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Bechard v. Colvin*, No. 23-7774, 2024 WL 5274654, at *4 (2d Cir. Jan 3, 2025) ("[A] party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)). The district court reviews "portions of the report [] to which no objections were made . . . for clear error." *S.J. v. New York City Dept. of Educ.*, 21-CV-240, 2022 WL 1409578, at *1 n.1 (2d Cir. May 4, 2022) (summary order); *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349 (2d Cir. 2025) (quoting *id.*); *Martinez v. DO & CO New York Catering, Inc.*, 25-CV-6511, 2026 WL 2823267, at *1

(E.D.N.Y. Sept. 21, 2026) ("When reviewing a magistrate judge's report and recommendation, a court reviews *de novo* those portions to which the parties have objected and reviews for clear error any portions receiving no objections.").

The Court has reviewed the R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

## III. Conclusion

The Clerk of the Court is directed to enter default judgment of the $250,000 bond against the Sureties and order the forfeiture of the bond in its entirety to be enforced against the Sureties.

Dated: November 10, 2026
Brooklyn, New York

SO ORDERED:

/s/ MKB
MARGO K. BRODIE
United States District Judge